UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **SUPPLEMENTAL REPORT AND RECOMMENDATION** |
| OSCAR ROMERO, | 13-CR-83S |
| Defendant. | |

---

On September 15, 2014, defendant Oscar Romero ("Romero") filed omnibus pretrial motions that included a motion to suppress identification evidence.  (Dkt. No. 204 at 49–51.)  Romero updated this motion on October 22, 2014.  (Dkt. No. 227 at 52–53.)  The motion sought suppression of testimony or other evidence derived from identification procedures used in the case, specifically a photo book that law enforcement agents showed to various informants.  Co-defendant Oneil Quinones ("Oneil") made a substantially similar motion on October 9, 2015.  (Dkt. No. 307.)  On July 7, 2015, the Court held a suppression hearing at which counsel for both Romero and Oneil had an opportunity to cross-examine the law enforcement agent who employed the identification procedures used in this case.  Romero filed post-hearing briefing on October 13, 2015.  (Dkt. No. 311.)  The Government duly filed opposition papers defending the identification procedures.  (Dkt. No. 312.)

On November 2, 2015, the Court issued a combined Report and Recommendation and Decision and Order that addressed all defendants' pretrial

motions. (Dkt. No. 313.) Among its recommendations, the Court recommended denying any attempt to suppress the identification procedures used, specifically the photo book that law enforcement agents showed to various informants during their investigation. (*Id.* at 7–12.) The Court had intended its analysis to cover all motions concerning the photo book, but on its face, the Report and Recommendation made findings only as to Oneil and not Romero. Romero's suppression motion technically was left unaddressed, and the Court regrets the error. Romero now has filed a motion (Dkt. No. 366) to correct the error and to place a formal decision on the record.

Given that Romero and Oneil's motions concerning the photo book were identical in all substantive respects, and to avoid creating unnecessary additional paperwork for a case that is just about ready for trial, the Court hereby applies its analysis for Oneil's motion to Romero's motion to suppress. The Court respectfully recommends denying Romero's motion to suppress the identification evidence (Dkt. No. 227 at 52–53) for the reasons that it set forth for Oneil in the Report and Recommendation (Dkt. No. 313 at 7–12). Consequently, the Court recommends granting Romero's motion for a decision only to the extent that a formal analysis of the motion now is in the record and that Romero's arguments are preserved for possible appeal.

A copy of this Report and Recommendation will be sent to counsel for the parties by electronic filing on the date below. Any objections to this Report and

2

Recommendation must be electronically filed with the Clerk of the Court within 14 days. See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

    SO ORDERED.

                                                      /s/ Hugh B. Scott
                                          HONORABLE HUGH B. SCOTT
                                          UNITED STATES MAGISTRATE JUDGE

DATED: May 17, 2016